# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| JOSE MENCHACA,<br>        Appellant, | DOCKET NUMBERS<br>DA-3443-22-0285-I-1<br>DA-0353-22-0404-I-1 |
|     v. | |
| UNITED STATES POSTAL SERVICE,<br>        Agency. | DATE: April 8, 2024 |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Jose Menchaca</u>, San Antonio, Texas, pro se.

<u>Theresa M. Gegen</u>, Esquire, St. Louis, Missouri, for the agency.

## BEFORE

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman

## FINAL ORDER

The appellant has filed a petition for review of the initial decisions, which dismissed these appeals for lack of jurisdiction. We JOIN the appeals for processing pursuant to 5 C.F.R. § 1201.36.[2] On petition for review, the appellant

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

[2] Joinder of two or more appeals filed by the same appellant is appropriate when doing so would expedite processing of the cases and not adversely affect the interests of the parties. *Tarr v. Department of Veterans Affairs*, 115 M.S.P.R. 216, ¶ 9 (2010); 5 C.F.R. § 1201.36(a)(2), (b). We find that these appeals meet the regulatory criteria. *See Tarr*,

reasserts that he was constructively suspended or placed on enforced leave; the administrative judge improperly focused on his challenge to the Office of Workers' Compensation Programs decision denying his compensation request; he is a Vietnam veteran and was denied due process; he was subjected to retaliation and a hostile work environment; the agency failed to accommodate his medical restrictions and violated the Rehabilitation Act of 1973; he was improperly denied a limited duty or light duty assignment as a reasonable accommodation; and he was improperly denied the ability to conduct discovery and his requested hearing.  Generally, we grant petitions such as these only in the following circumstances:  the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed.  Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115).  As discussed below, we modify the initial decision to find that some of the claims the appellant raised in his second Board appeal should have been dismissed in the interest of adjudicatory efficiency instead of on the grounds of collateral estoppel.  After fully considering the filings in these appeals, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petitions for review.

Regarding the appellant's argument in his second Board appeal alleging that he was denied restoration or constructively suspended based on his absences during the period from March 4 through May 17, 2022, the administrative judge in that appeal dismissed these claims on the basis that the appellant was

115 M.S.P.R. 216, ¶ 9.

collaterally estopped from relitigating these issues because they were raised in the prior appeal, concluding that each of the four criteria set forth in *McNeil v. Department of Defense*, 100 M.S.P.R. 146 (2005) had been met. *Menchaca v. U.S. Postal Service*, MSPB Docket No. DA-0353-22-0404-I-1, Initial Appeal File, Tab 14, Initial Decision at 3-4.

When an appellant files an appeal that raises claims raised in an earlier appeal after the initial decision in the earlier appeal has been issued, but before the full Board has acted on the appellant's petition for review, it is appropriate to dismiss the subsequent appeal on the grounds of adjudicatory efficiency. *Zgonc v. Department of Defense*, 103 M.S.P.R. 666, ¶ 6 (2006), *aff'd*, 230 F. App'x 967 (Fed. Cir. 2007). In other words, the Board will dismiss on the basis of adjudicatory efficiency when an identity of issues exists and the controlling issues in the appeal will be determined in a prior appeal. *Bean v. U.S. Postal Service*, 120 M.S.P.R. 447, ¶ 5 (2013).

By contrast, collateral estoppel, or issue preclusion, is appropriate when (1) the issue is identical to that involved in the prior action, (2) the issue was actually litigated in the prior action, (3) the determination on the issue in the prior action was necessary to the resulting judgment, and (4) the party against whom issue preclusion is sought had a full and fair opportunity to litigate the issue in the prior action, either as a party to the earlier action or as one whose interests were otherwise fully represented in that action. *Kavaliauskas v. Department of the Treasury*, 120 M.S.P.R. 509, ¶ 5 (2014); *McNeil*, 100 M.S.P.R. 146, ¶ 15. Collateral estoppel, however, is only appropriate when there is a final judgment in the previous litigation. *Zgonc*, 103 M.S.P.R. 666, ¶ 6.

At the time the second initial decision was issued, the appellant's prior appeal was pending before the Board on petition for review, and therefore, dismissal of the appellant's claim that he was denied restoration or constructively suspended during the period from March 4 through May 17, 2022, on the basis of collateral estoppel was inappropriate. *Id.* This claim should have instead been

dismissed on the grounds of adjudicatory efficiency. *Id.* Accordingly, we conclude that the administrative judge erred by applying the doctrine of collateral estoppel to dismiss this claim raised in the subsequent appeal. Nevertheless, because we have joined the two appeals and ultimately agree with the administrative judge's conclusion in the first appeal that the appellant was not denied restoration or constructively suspended during the relevant time period and have now issued the instant final decision on the issue, we conclude that the administrative judge's error in dismissing the claim on the basis of collateral estoppel as opposed to on the grounds of adjudicatory efficiency did not prejudice the appellant's substantive rights. *See Panter v. Department of the Air Force*, 22 M.S.P.R. 281, 282 (1984) (explaining that an adjudicatory error that is not prejudicial to a party's substantive rights provides no basis for reversal of an initial decision). Therefore, we DENY the petitions for review. Except as expressly MODIFIED to find that some of the claims the appellant raised in the second Board appeal should have been dismissed in the interest of adjudicatory efficiency instead of on the grounds of collateral estoppel, we AFFIRM the joined initial decisions.

## NOTICE OF APPEAL RIGHTS[3]

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113. You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule

---

[3] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The

Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

(2) **Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file

with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) <u>Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012</u>.** This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[4] The court of appeals must <u>receive</u> your petition for

---

[4] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017. The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017. Pub. L. No. 115-195, 132 Stat. 1510.

review within **60 days** of the <u>date of issuance</u> of this decision.   5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD: _____

*Gina K. Grippando*

Gina K. Grippando
Clerk of the Board

Washington, D.C.